1

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

2

3

4

5

6

7

Attorneys for Plaintiff

8

9

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

13

**Gabriela Cabrera**,

**Case No**.

14

        Plaintiff,

15

    v.

**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act

16

**Clearman's North Woods Inn of Covina**, a California Corporation; and Does 1-10,

17

18

        Defendants.

19

20

    Plaintiff Gabriela Cabrera complains of Clearman's North Woods Inn

21

of Covina, a California Corporation; and Does 1-10 ("Defendants"), and

22

alleges as follows:

23

24

**PARTIES:**

25

    1.  Plaintiff is a California resident with physical disabilities. She has polio.

26

She cannot walk and uses a wheelchair for mobility.

27

    2.  Defendant Clearman's North Woods Inn of Covina owned the real

28

property located at or about 540 N. Azusa Avenue, Covina, California, in

Complaint

1  February 2019.

2      3.   Defendant Clearman's North Woods Inn of Covina owns the real

3  property located at or about 540 N. Azusa Avenue, Covina, California,

4  currently.

5      4.   Defendant Clearman's North Woods Inn of Covina owned Clearman's

6  North Woods Inn of Covina located at or about 540 N. Azusa Avenue, Covina,

7  California, in February 2019.

8      5.   Defendant Clearman's North Woods Inn of Covina owns Clearman's

9  North Woods Inn of Covina ("Restaurant") located at or about 540 N. Azusa

10 Avenue, Covina, California, currently.

11     6.   Plaintiff does not know the true names of Defendants, their business

12 capacities, their ownership connection to the property and business, or their

13 relative responsibilities in causing the access violations herein complained of,

14 and alleges a joint venture and common enterprise by all such Defendants.

15 Plaintiff is informed and believes that each of the Defendants herein,

16 including Does 1 through 10, inclusive, is responsible in some capacity for the

17 events herein alleged, or is a necessary party for obtaining appropriate relief.

18 Plaintiff will seek leave to amend when the true names, capacities,

19 connections, and responsibilities of the Defendants and Does 1 through 10,

20 inclusive, are ascertained.

21

22     **JURISDICTION & VENUE:**

23     7.   The Court has subject matter jurisdiction over the action pursuant to 28

24 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

25 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

26     8.   Pursuant to supplemental jurisdiction, an attendant and related cause

27 of action, arising from the same nucleus of operative facts and arising out of

28 the same transactions, is also brought under California's Unruh Civil Rights

Complaint

1    Act, which act expressly incorporates the Americans with Disabilities Act.

2       9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

3    founded on the fact that the real property which is the subject of this action is

4    located in this district and that Plaintiff's cause of action arose in this district.

5

6       **FACTUAL ALLEGATIONS:**

7       10. Plaintiff went to the Restaurant in February 2019 with the intention to

8    avail herself of its goods or services and to assess the business for compliance

9    with the disability access laws.

10      11. The Restaurant is a facility open to the public, a place of public

11   accommodation, and a business establishment.

12      12. Paths of travel are one of the facilities, privileges, and advantages

13   offered by Defendants to patrons of the Restaurant.

14      13. Unfortunately, on the date of the plaintiff's visit, the defendants did not

15   provide accessible exterior paths of travel in conformance with the ADA

16   Standards.

17      14. Currently, the defendants do not provide accessible paths of travel in

18   conformance with the ADA Standards

19      15. Plaintiff personally encountered this barrier.

20      16. By failing to provide accessible paths of travel, the defendants denied

21   the plaintiff full and equal access.

22      17. The lack of accessible paths of travel created difficulty and discomfort

23   for the Plaintiff.

24      18. The defendants have failed to maintain in working and useable

25   conditions those features required to provide ready access to persons with

26   disabilities.

27      19. The barriers identified above are easily removed without much

28   difficulty or expense. They are the types of barriers identified by the

Complaint

1    Department of Justice as presumably readily achievable to remove and, in fact,

2    these barriers are readily achievable to remove. Moreover, there are numerous

3    alternative accommodations that could be made to provide a greater level of

4    access if complete removal were not achievable.

5        20. Plaintiff will return to the Restaurant to avail herself of goods or services

6    and to determine compliance with the disability access laws once it is

7    represented to her that the Restaurant and its facilities are accessible. Plaintiff

8    is currently deterred from doing so because of her knowledge of the existing

9    barriers and her uncertainty about the existence of yet other barriers on the

10   site. If the barriers are not removed, the plaintiff will face unlawful and

11   discriminatory barriers again.

12       21. Given the obvious and blatant nature of the barriers and violations

13   alleged herein, the plaintiff alleges, on information and belief, that there are

14   other violations and barriers on the site that relate to her disability. Plaintiff

15   will amend the complaint, to provide proper notice regarding the scope of this

16   lawsuit, once she conducts a site inspection. However, please be on notice that

17   the plaintiff seeks to have all barriers related to her disability remedied. See

18   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

19   encounters one barrier at a site, she can sue to have all barriers that relate to

20   her disability removed regardless of whether she personally encountered

21   them).

22

23   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

24   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

25   Defendants.) (42 U.S.C. section 12101, et seq.)

26       22. Plaintiff re-pleads and incorporates by reference, as if fully set forth

27   again herein, the allegations contained in all prior paragraphs of this

28   complaint.

Complaint

1    23. Under the ADA, it is an act of discrimination to fail to ensure that the

2    privileges, advantages, accommodations, facilities, goods and services of any

3    place of public accommodation is offered on a full and equal basis by anyone

4    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

5    § 12182(a). Discrimination is defined, inter alia, as follows:

6              a.  A failure to make reasonable modifications in policies, practices,

7                  or procedures, when such modifications are necessary to afford

8                  goods,    services,    facilities,    privileges,    advantages,    or

9                  accommodations to individuals with disabilities, unless the

10                 accommodation would work a fundamental alteration of those

11                 services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

12             b.  A failure to remove architectural barriers where such removal is

13                 readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

14                 defined by reference to the ADA Standards.

15             c.  A failure to make alterations in such a manner that, to the

16                 maximum extent feasible, the altered portions of the facility are

17                 readily accessible to and usable by individuals with disabilities,

18                 including individuals who use wheelchairs or to ensure that, to the

19                 maximum extent feasible, the path of travel to the altered area and

20                 the bathrooms, telephones, and drinking fountains serving the

21                 altered area, are readily accessible to and usable by individuals

22                 with disabilities. 42 U.S.C. § 12183(a)(2).

23   24. When a business provides paths of travel, it must provide accessible

24   paths of travel in compliance with the ADA Standards.

25   25. Here, no such accessible paths of travel has been provided and is a

26   violation of the law.

27   26. The Safe Harbor provisions of the 2010 Standards are not applicable

28   here because the conditions challenged in this lawsuit do not comply with the

Complaint

1    1991 Standards.

2        27. A public accommodation must maintain in operable working condition

3    those features of its facilities and equipment that are required to be readily

4    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

5        28. Here, the failure to ensure that the accessible facilities were available

6    and ready to be used by the plaintiff is a violation of the law.

7

8    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

9    **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

10   Code § 51-53.)

11       29. Plaintiff repleads and incorporates by reference, as if fully set forth

12   again herein, the allegations contained in all prior paragraphs of this

13   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

14   that persons with disabilities are entitled to full and equal accommodations,

15   advantages, facilities, privileges, or services in all business establishment of

16   every kind whatsoever within the jurisdiction of the State of California.  Cal.

17   Civ. Code §51(b).

18       30. The Unruh Act provides that a violation of the ADA is a violation of the

19   Unruh Act.  Cal. Civ. Code, § 51(f).

20       31. Defendants' acts and omissions, as herein alleged, have violated the

21   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

22   rights to full and equal use of the accommodations, advantages, facilities,

23   privileges, or services offered.

24       32. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

25   discomfort or embarrassment for the plaintiff, the defendants are also each

26   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

27   (c).)

28

Complaint

1    **PRAYER**:

2         Wherefore, Plaintiff prays that this Court award damages and provide

3    relief as follows:

4         1. For injunctive relief, compelling Defendants to comply with the

5    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6    plaintiff is not invoking section 55 of the California Civil Code and is not

7    seeking injunctive relief under the Disabled Persons Act at all.

8         2. Damages under the Unruh Civil Rights Act, which provides for actual

9    damages and a statutory minimum of $4,000 for each offense.

10        3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

11   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

12

13

14   Dated: March 20, 2019          CENTER FOR DISABILITY ACCESS

15

16                            By:

17                                 _____

18                                 Russell Handy, Esq.
                                    Attorney for plaintiff

19

20

21

22

23

24

25

26

27

28

Complaint